# IN THE UNITED STATES DISTRICT COURT
# STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Rose Vallejo, on behalf of minor child A.V., <br><br> Plaintiff, <br><br> vs. <br><br> Duchesne County, et al. <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER MODIFYING THE SCHEDULING ORDER** <br><br> Case No: 2:17-cv-0776 <br><br> District Judge Tena Campbell <br> Magistrate Judge Dustin B. Pead |

District Judge Tena Campbell referred this case to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 44.) This matter is before the court on Plaintiff's *Motion to Extend Discovery Deadline* ("Motion"). (ECF No. 43.) Defendant's timely filed an *Opposition to Plaintiff's Motion to Extend Discovery Deadlines* ("Opposition") to the Motion. (ECF No. 45.) Plaintiff's reply was filed on July 9, 2018. (ECF No. 46.) A Scheduling Order was entered in this matter on October 10, 2017, which terminated fact discovery as of June 18, 2018. (ECF No. 23 at 2.) On the date fact discovery was set to close, Plaintiff filed the Motion requesting a 60-day extension to the cut-off date. The matter is fully briefed and ready for decision.

## ANALYSIS

In the Tenth Circuit, "district courts are given wide latitude" in determining whether to amend a scheduling order, and the Tenth Circuit "reverse[s] only for abuse of discretion." *Summers v. Mo. Pac. R.R. Sys.,* 132 F.3d 599, 604 (10th Cir. 1997). The decision whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the Court. *Johnson v. Peay,* 2015 WL 7112941, *2 (D. Utah 2015) (citing to *Smith v. United States*, 834 F.2d

1

166, 169 (10th Cir. 1987)). In exercising its discretion, the court "considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence." *Id.* Applying the above factors, the court finds good cause exists to reopen discovery for the limited purpose of: (1) accommodating Plaintiff's request to take an additional deposition, and (2) obtaining responses to written discovery.

First, a trial is not imminent. The Scheduling Order has a four-day jury trial commencing a little less than a year from now on April 22, 2019. (ECF No. 23 at 4.)

Second, even though the Motion is opposed, good cause exists to allow additional discovery in light of the case history. Seven days before the Scheduling Order was entered, Defendants filed a *Motion for Judgment on the Pleadings* ("Motion for Judgment"). (ECF No. 22). On February 16, 2018, the District Court Judge granted the Defendants' Motion for Judgment but allowed Plaintiff to amend the fourth cause of action on or before March 2, 2018. (ECF No. 32.). In the intervening weeks, the parties stipulated that Plaintiff could file her Second Amended Complaint by April 30, 2018, which she did. In the Second Amended Complaint, Plaintiff changed her theory of liability from failure to train to ratification. (ECF No. 41, ¶¶ 42-49). At this point, consistent with the Scheduling Order, the last day to serve written discovery had already passed. (ECF No. 23 at 3.)

Third, Defendants do not identify any prejudice that would befall them should an extension be granted.

Fourth, the procedural history of this case, as outlined above, created a barrier to completing

discovery by the cut-off date. A demonstration of good cause requires the moving party to "provide an adequate explanation for any delay." *Strope v. Collins,* 315 Fed. Appx. 57, 61 (10th Cir. 2009) (quotations and citation omitted). The parties completed four (4) depositions during the months of April and May; however, Plaintiff needs to complete an additional deposition and seeks answers to the Second Discovery Requests. Plaintiff was unable to complete discovery because her claim was challenged, dismissed, and then reinstated under a new theory after the date for serving written discovery requests had passed but shortly before the June 18th fact discovery cut-off date. Therefore, Plaintiff has provided an adequate explanation for the need to extend and re-open discovery.

Fifth, it was foreseeable that discovery may need to be extended in light of the February 16, 2018 Order granting the Motion for Judgment and the parties' stipulation that allowed Plaintiff to file her Second Amended Complaint by April 30, 2018.

Sixth, the discovery sought appears likely to result in relevant evidence. One such example is Plaintiff seeks to obtain copies of all written communications issued or received by specific police officers regarding the incident detailed in the Second Amended Complaint. (ECF No. 45-3.)

**ORDER**

Accordingly, consistent with this analysis and for good cause appearing, it is HEREBY ORDERED that the Scheduling Order should be modified as follows:

1. Last Day to serve written discovery        07/27/18
2. Close of fact discovery:                   09/10/18
3. Rule 26(a)(2) Expert Reports:
    a. Part(ies) bearing burden of proof:     11/12/18

3

    b. Counter Reports:                         12/12/18

4. Other Deadlines

    a. Last day for Expert Discovery        01/14/19

    b. Deadline for filing dispositive       02/15/19
       or potentially dispositive motions

5. TRIAL AND PREPARATION FOR TRIAL

    a. Rule 26(a)(3) Pretrial Disclosures:
       Plaintiffs:                              04/26/19

       Defendant:                             05/10/19

    b. Special Attorney Conference:        On or before May 27, 2019

    c. Settlement Conference:              On or before May 27, 2019

    d. Final Pretrial Conference:            June 10, 2019, at 3:00 p.m.

    e. Four-day Jury Trial begins:          July 1, 2019, at 8:30 a.m.

**IT IS SO ORDERED**

DATED this 13th day of July, 2018.

BY THE COURT:

_____
Dustin B. Pead
U.S. District Court Magistrate Judge