### Duchesne County Sheriff's office after action review

5/30/17
Incident: Use of force
Incident # I10438621
Case # 2017-000493
Prepared by Lt Jeremy Curry

Panel Members present:
    Lt Jeremy Curry
    Lt. Monty Nay
    Lt. Jason Curry
    Staff Sgt. Travis Givens

      On 5/30/17 The Duchesne County Sheriffs' Office After action review panel met and reviewed an incident involving a 13 Year autistic boy.

      On 4/14/2017 Sgt. Carl Reilley received a call of a suspicious person near the Gateway 66 Gas station in Duchesne. The reporting citizen stated that the suspicious person was wearing a hooded sweat shirt and possibly of Asian descent.   After Sgt. Reilley was unable to locate anyone matching the description of the suspect in the area, he continued gridding off and patrolling the city.

      Sgt. Reilley encountered an individual (later identified as Alex Vallejo) who appeared to be peaking into the windows of the local library. Reilley attempted to make contact with Alex, but Alex began to run away. Sgt. Reilley commanded Alex to stop and after running a short distance, Alex stopped.
      Alex was wearing jeans, a hooded sweat shirt with the hood pulled over his head, some type of eyewear around his forehead and an object in his left hand.  The panel all agreed that Sgt. Reilley could not have known at this time Alex was autistic.

      Alex did not respond to Sgt. Reilley's commands to show him his hands. Sgt. Reilley approached Alex and attempted to detain him until he could find out why he was running. Alex continued to resist and tried to pull away from Reilley. Reilley was able to place Alex on the grass of the library while continuing to question Alex about why he was running. Reilley called for backup on his handheld radio. Trooper Miculich with UHP responded and assisted Reilley.

      The panel reviewed the Body Camera of Sgt. Reilley. Reilley can be heard asking Alex why he was running. Alex was yelling and difficult to understand in the footage.  At this point Sgt. Reilley's body camera turns off.
      Trooper Miculich arrived on scene at approximately the same time Reilley's Body camera turns off.
      Miculich's Dash cam was not pointed in the direction of the incident, but the Dash Cam did record audio of the incident. After reviewing the dash cam audio, Miculich and Reilley can be heard saying to each other that Alex might be autistic. At that, point the voices of both Miculitch and Reilley changed to a softer tone. They continued asking Alex who his Mom was and where he lived. Alex was able to direct Reilley to his house. On the way, Reilley's Body Camera returned to recording.

DC/VALLEJOS00002

Reilley and Miculich returned Alex to the house he stated was his. Sgt. Reilley informed the women who answered the door (later identified as Rose Mary Vallejo) that he had her son Alex. (This conservation was recorded on Reilley's body Camera) Rose stated that she had been sleeping and did not know Alex had left the yard. Sgt. Reilley explained that he had found Alex wandering around the Library looking in windows a few blocks away. Rose stated that she was sorry. Sgt. Reilley walked back to his patrol truck to get Alex. Reilley explained to Alex that he shouldn't run from the cops. Alex responded with "only the bad guys huh" Reilley stated "that's right only the bad guys". Reilley asks Alex if he is hurt. Alex states he is not. Alex then asked Reilley for a high five which Reilley does.

**Findings:**

I interviewed Sgt. Reilley about his body camera being turned off. Reilley stated that he didn't remember turning it on and actually thought that he was turning it on when he in fact turned it off. The panel all agreed that Reilley's explanation was reasonable and the office's issued cameras are difficult to tell if they are recording or not.

The review Panel all agreed that although Sgt. Reilley later discovered that Alex is autistic, Sgt. Reilley acted appropriately and reasonable considering the circumstances. The Incident occurred on a Friday around noon. At this time, Duchesne has day time curfew ordnances in effect during school hours. This would have given Sgt. Reilley reasonable suspicion to find out if Alex was supposed to be in school at this time.

Because of recent thefts and burglaries at the Duchesne county library, combined with the report of a suspicious person near Gateway 66 gas station who matched the description of Alex, who was carrying something in his hand and wearing hooded pull over with the hooded portion pulled up over his head, also appearing to the officer to be peaking in windows at the library and attempting to flee when confronted by Sgt. Reilley would give him reasonable suspicion to make contact, detain Alex and further investigate the situation.

The Panel reviewed the body camera footage (See Attached footage) of Sgt. Reilley removing Alex from his patrol truck and returning him to his Mother. There were no apparent or visible signs of injury, cuts or scrapes on Alex.

**Recommendation/action taken:**

The panel recommends that Sgt. Reilley be given a verbal warning for deactivating his body Camera. The panel does not believe that the camera was deactivated intentionally. Sheriffs' Office policy states Deputies shall not turn off or alter any media recording device pursuant to Sheriffs' Office policy 446. Sgt. Reilley shall review and sign Sheriff's Office policy 446 and the signed copy should be placed in Reilley's training file

The panel recommends that all sheriffs' Office Patrol Deputies receive training on recognizing signs of mental health and, or specials needs individuals. We believe that this type of training is beneficial to our Office and well as the public.

X _/s/ Jeremy Curry_
Lt Jeremy Curry